

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INFINITY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-896-O(BJ) |
| | § | |
| BETSY PRICE, Mayor, | § | |
| City of Fort Worth, Texas, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Petitioner has filed a civil case with an application/motion for leave to proceed *in forma pauperis.* Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action filed as a petition for writ of mandamus.

B. PARTIES

The party petitioner is identified as Infinity. The defendant/respondent is listed as Betsy Price, Mayor, City of Fort Worth, Texas.

C. LEGAL ANALYSIS

Petitioner accompanied the petition with an application/ motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* Although the document lists "Infinity" as the party petitioner, no

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

person signed the incorporated "Affidavit," but instead it is completed under the mathematical symbol representing the concept of infinity. Motion/Application to Proceed In Forma Pauperis, at 1, ECF No. 2. After review and consideration, it appears the motion as filed, must be denied.

The in forma pauperis statute, 28 U.S.C. § 1915, by its own language, is limited to "persons." *See* 28 U.S.C.A. § 1915(a)(1)(West 2006)("[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a *person* who submits an affidavit . . . .")(emphasis added). The Supreme Court has held that only a natural person may qualify for treatment in-forma-pauperis under § 1915. *See Rowland v. California Men's Council, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 199-206(1993)(holding that an association of prison inmates did not qualify as a "person" under § 1915, and expressly rejecting the argument that "person" in the context of § 1915 could include corporations, associations, and partnerships as well as individuals); *see generally Bridgewater v. United States Government*, No.13-C-4136, 2013 WL 3894955, *1 (N.D. Ill. July 26, 2013) (rejecting an in-forma-pauperis application that did not contain a name but instead was submitted on behalf of "Co-Patent Owners #6,889,615"); *see also Dailey v. R & J Commercial Contracting*, No. C2-01-403, 2002 WL 484988, at *5 (S.D. Oh. March 28, 2002)(holding that a corporation is not a "person" within meaning of § 1915, and thus not authorized to file a civil action in United States District Court without paying the required filing fee). Because the in-forma-pauperis motion pending in this case is styled on behalf of a mathematical symbol, and not a natural person under that person's name, the in-forma-pauperis motion must be denied.

## RECOMMENDATION

It is therefore RECOMMENDED that the motion/application to proceed in forma pauperis [docket no. 2] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Petitioner that the petition for writ of mandamus will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $400.00[2] within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

---

[2] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until November 16, 2018 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, RETURNED to the docket of the United States District Judge.

SIGNED November 2, 2018.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE