IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INFINITY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-896-O(BJ) |
| | § | |
| BETSY PRICE, Mayor, | § | |
| City of Fort Worth, Texas, | § | |
| | § | |
| Respondent. | § | |

ORDER **VACATING** FINDINGS, CONCLUSIONS AND RECOMMENDATION and,
ORDER AUTHORIZING PLAINTIFF TO PROCEED IN FORMA PAUPERIS
(With Special Instructions to the Clerk of Court)

On November 2, 2018, the undesigned issued a Findings, Conclusions, and Recommendation as to the resolution of the motion to proceed in forma pauperis filed in this case based upon the then-existing information regarding the status of Petitioner Infinity. In the time since, Petitioner Infinity has provided information in objections to the Court that indicates that he is a natural person who identifies as and has state and federal issued documents under the name "Infinity." (Doc. 6) The Court accepts the objections and the prior findings, conclusions, and recommendation will be vacated, and this order issued.

Still pending therefore is Petitioner Infinity's long-form application/motion to proceed in forma pauperis (IFP). The Court, having now reviewed Petitioner's motion to proceed in forma pauperis filed in this case, has determined that Petitioner Infinity is entitled to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). Although the information provided by Infinity indicates that in-forma-pauperis status is presently warranted, he is advised that under 28 U.S.C. § 1915(e)(2), the Court shall **dismiss** the case at any time if the Court determines **the allegation of poverty is untrue, or if the action is frivolous, malicious, fails to state a claim upon which relief may be granted,**

**or seeks monetary relief from a defendant who is immune from such relief.** *See* 28 U.S.C. § 1915(e)(2)(B).[1]

The undersigned notes, however, that Infinity (then a prisoner assigned CDCR # C27692) was previously barred from proceeding in forma pauperis under the "three-strike" provision (28 U.S.C. § 1915(g)) applicable to prisoners. *See Infinity v. Davis,* No. EDCV-10-1154-UA (C.D. Cal. Aug. 23, 2010). Furthermore, a search of the name "Infinity" in the federal courts Pacer system reveals over 40 lawsuits filed in the name "Infinity" as a plaintiff or petitioner. Although Infinity appears to no longer be a prisoner, he is cautioned that the right to proceed in-forma-pauperis is a privilege that is subject to suspension or denial if abused.[2] As the imposition of a sanction without a prior warning is generally to be avoided, *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993), Infinity is now expressly warned that if this action is later deemed subject to dismissal as frivolous or malicious, for failure to state a claim upon which relief may be granted, or for seeking monetary relief against a defendant who is immune from such relief, he is advised of the possibility of the imposition of sanctions.[3]

---

[1]No summons shall issue unless and until further order of the Court.

[2]*See Green v. Carlson,* 649 F.2d 285 (5th Cir.1981). The Court of Appeals for the Fifth Circuit has warned litigants of the harm resulting from the filing of insubstantial claims in federal court:

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court.

*Dilworth v. Dallas County Community College Dist.,* 81 F.3d 616, 617 (5th Cir. 1996) (quoting *Raymon v. Alvord Ind. School Dist.,* 639 F.2d 257, 257 (5th Cir. 1981)).

[3]This Court retains the power to impose sanctions against a litigant under either its inherent authority or under Federal Rule of Civil Procedure 11. *See Willy v. Coastal Corp.,* 503 U.S. 131, 138-39 (1992); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995); *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397, 1406-07 (5th Cir. 1993).

It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation, entered on November 2, 2018, are **VACATED**. The clerk of Court is directed to note this on the docket.

It is further **ORDERED** that Infinity's motion to proceed in forma pauperis [docket no. 2] be, and is hereby, **GRANTED** such that plaintiff Infinity is authorized to proceed with the commencement of this civil suit without prepayment of fees or the necessity of giving security therefor.

After docketing of this order, this action should be returned to the United States District Judge for further review and for such other action as may be deemed appropriate.

SIGNED November 14, 2018.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE